UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRISTEEN OSTERKAMP and TONYA BROWN OSTERKAMP, personally and on behalf of the ESTATE OF SCOTT KENNETH OSTERKAMP,<br><br>Plaintiffs,<br><br>v.<br><br>SALT LAKE COUNTY and DOES 1-10 inclusive,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS (DOC. NO. 9)**<br><br>Case No. 2:20-cv-00032-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Kristeen Osterkamp and Tonya Brown Osterkamp, personally and on behalf of the Estate of Scott Kenneth Osterkamp (together, the "Osterkamp Plaintiffs"), brought this action against Defendant Salt Lake County (the "County") and unnamed defendants Does 1-10, asserting claims arising from Scott Kenneth Osterkamp's death while in custody of the Salt Lake County Metro Jail. (Compl., Doc. No. 2.) The Osterkamp Plaintiffs assert three federal constitutional claims under 42 U.S.C. § 1983 for violations of Mr. Osterkamp's Eighth Amendment rights based on an alleged lack of proper medical care and lack of humane facilities and conditions. (Compl. ¶¶ 38–72, Doc. No. 2.) The Osterkamp Plaintiffs also assert three claims arising under state law: wrongful death, gross negligence, and negligent infliction of emotional distress. (*Id.* ¶¶ 73–91.)

The County moved to dismiss the Osterkamp Plaintiffs' claims pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, arguing (1) the Complaint fails to state a claim on which relief can be granted, and (2) the court lacks subject matter jurisdiction

1

over the Osterkamp Plaintiffs' state law claims because the County is immune from such claims. (Mot. of Salt Lake County to Dismiss Pls.' Compl. ("Mot.") 1–3, Doc. No. 9.) The court held a hearing on the motion on June 24, 2020. (Doc. No. 21.)

Having considered the parties' briefing and arguments at the hearing, the court[1] GRANTS the County's motion to dismiss for the reasons set forth below. The Osterkamp Plaintiffs' section 1983 claims (claims 1–3) are DISMISSED WITHOUT PREJUDICE. The Osterkamp Plaintiffs' state law claims (claims 4–6) are DISMISSED WITH PREJUDICE. The Osterkamp Plaintiffs may file an amended complaint as to their section 1983 claims within twenty-eight (28) days of the date of this order.

## BACKGROUND

The Osterkamp Plaintiffs make the following factual allegations in their Complaint. On January 3, 2018, Mr. Osterkamp fell and injured his left arm while he was incarcerated in the Salt Lake County Metro Jail. (Compl. ¶¶ 16–17, Doc. No. 2.) The same day, Mr. Osterkamp notified jail personnel he had fallen and was in pain. (*Id.* ¶ 18.) On January 4, Mr. Osterkamp contacted his wife, Plaintiff Tonya Brown Osterkamp ("Tonya"), and notified her that he had hurt his arm and was in pain. (*Id.* ¶ 19.) On January 5, Tonya contacted jail personnel and asked them to provide Mr. Osterkamp with medical care. (*Id.* ¶ 20.) She also visited Mr. Osterkamp at the jail and saw that he appeared to be in physical distress, he was exhibiting signs of jaundice, and he was disoriented and struggling to communicate. (*Id.* ¶¶ 21–22.) Tonya relayed her observations to jail personnel before she left the jail that day. (*Id.* ¶ 23.) The same day, medical

---

[1] The parties consent to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. No. 13.)

personnel evaluated Mr. Osterkamp for pain and told him they would order an x-ray of his arm and shoulder.  (*Id.* ¶¶ 24–25.)

On January 6, Mr. Osterkamp was seen by a nurse at the jail for vomiting and pain. (Compl. ¶ 26, Doc. No. 2.)  The nurse told him an x-ray had been ordered, gave him acetaminophen, and recommended he use relaxation techniques.  (*Id.* ¶ 27.)  On January 8 and 9, Tonya and Mr. Osterkamp's mother, Plaintiff Kristeen Osterkamp ("Kristeen"), contacted the jail and repeatedly requested increased medical attention for Mr. Osterkamp.  (*Id.* ¶ 28.)

On January 9, Mr. Osterkamp was transported from the jail to a hospital in an ambulance.  (Compl. ¶ 29, Doc. No. 2.)  When he arrived at the hospital, he was unresponsive and appeared "grossly jaundiced."  (*Id.* ¶¶ 30–31.)  Diagnostic tests showed Mr. Osterkamp's humerus was broken and had not been treated.  (*Id.* ¶ 32.)  Hospital records also showed Mr. Osterkamp was suffering from Hepatitis A, among other conditions.  (*Id.* ¶ 33.)  Although Mr. Osterkamp was treated in the intensive care unit, he died at the hospital on January 12, 2018.  (*Id.* ¶ 34.)  An autopsy showed Mr. Osterkamp died of liver failure due to alcoholic cirrhosis of the liver and a Hepatitis A infection.  (*Id.* ¶ 35.)

The Osterkamp Plaintiffs filed their Complaint on January 17, 2020.  (Compl., Doc. No. 2.)  The Complaint asserts three federal constitutional claims under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment to the United States Constitution.  (*Id.* ¶¶ 38–72.)  The first claim is for "Municipal Liability – Lack of Proper Medical Care as to the [B]roken [Humerus]." (*Id.*, Doc. No. 2 at 5.)  In support of this claim, the Osterkamp Plaintiffs allege "Defendants acted with deliberate indifference constituting cruel and unusual punishment when the decedent was not treated for his broken arm." (*Id.* ¶ 40.)  They further allege "[t]here has [] been a consistent pattern of behavior in which [j]ail personnel have refused to adequately treat inmates for pain

and suffering." (*Id.* ¶ 46.) They assert "it was the official policy and custom of the Salt Lake County Jail, whether written or implied, to inadequately treat inmates suffering from pain and other illnesses." (*Id.* ¶ 47.)

The second claim is for "Municipal Liability – Lack of Proper Medical Care as to Hepatitis A." (Compl., Doc. No. 2 at 6.) Here also, the Osterkamp Plaintiffs allege "a continued pattern of behavior . . . in failing to [adequately] treat inmates for hepatitis" and repeat their allegation that "it was the official policy and custom of the Salt Lake County Jail . . . to inadequately treat inmates suffering from pain and other illnesses." (*Id.* ¶¶ 54, 56.)

The third claim is "Municipal Liability – Lack of Humane Facilities and Conditions." (Compl., Doc. No. 2 at 7.) The Osterkamp Plaintiffs allege "Salt Lake County was on notice from the health department that there was hepatitis in the Metro Jail and other county facilities" and "had also been warned that the procedures in place for protecting inmates from hepatitis were inadequate." (*Id.* ¶¶ 62–63.) Again, they allege "a continued pattern of behavior . . . in failing to adequately protect inmates from hepatitis and a failure to provide a humane and hygienic jail." (*Id.* ¶ 68.) They further allege "it was the official policy and custom of the Salt Lake County Jail, whether written or implied, to inadequately protect inmates from hepatitis infection and to provide inadequate and inhumane conditions." (*Id.* ¶ 70.)

In addition, the Complaint asserts three claims arising under state law: wrongful death, gross negligence, and negligent infliction of emotional distress as to Mr. Osterkamp. (Compl. ¶¶ 73–91, Doc. No. 2 at 9–10.)

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To avoid dismissal, a

complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss, the court accepts as true the well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court to dismiss claims over which it lacks subject matter jurisdiction. Where a motion under Rule 12(b)(1) challenges subject matter jurisdiction based on the allegations in the complaint, the court must accept the allegations in the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Where a Rule 12(b)(1) motion goes beyond the complaint to challenge the facts on which subject matter jurisdiction depends, the court may consider other evidence presented by the parties. *Id.* at 1003.

**DISCUSSION**

I.     **FEDERAL CONSTITUTIONAL CLAIMS (CLAIMS 1–3)**

The County moves to dismiss the Osterkamp Plaintiffs' federal constitutional claims (claims 1–3) under Rule 12(b)(6) for failure to state a claim on which relief can be granted. (Mot. 1–2, 7–12, Doc. No. 9.) The County contends the Osterkamp Plaintiffs failed to plead facts sufficient to support a plausible inference that an official policy, custom, or practice caused a constitutional injury, as required for municipal liability under 42 U.S.C. § 1983. (*Id.* at 7–12.) In response, the Osterkamp Plaintiffs argue they pleaded sufficient facts to support an inference that the jail employees' actions were "part of a custom or policy." (Pls.' Mem. in Opp'n to Def.'s Mot. to Dismiss ("Opp'n") 8, Doc. No. 14.)

"'[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'" *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "Instead, 'the government as an entity' may only be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

"There are three requirements for municipal liability under 42 U.S.C. § 1983: (1) the existence of an official policy or custom; (2) a direct causal link between the policy or custom and the constitutional injury; and (3) that the defendant established the policy with deliberate indifference to an almost inevitable constitutional injury." *Soto v. Bd. of Cty. Comm'rs of Caddo Cty.*, 748 F. App'x 790, 793–94 (10th Cir. Sept. 5, 2018) (unpublished) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769–70 (10th Cir. 2013)). The "municipal policy or custom" may take one of the following forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller*, 932 F.3d at 1283 (internal quotation marks omitted). A municipal liability claim based on the existence of an informal custom "requires allegations of similar mistreatment of similarly situated individuals within the municipality." *Hunt v. Iron Cty.*, 372 F. Supp. 3d 1272, 1289 (D. Utah 2019) (citing *Carney v. City and Cty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008)).

The court finds the Osterkamp Plaintiffs do not allege sufficient facts to show the existence of an official policy or informal custom giving rise to a constitutional violation in this case. While it is true the Complaint contains allegations that "it was the official policy and custom of the Salt Lake County Jail" to inadequately treat inmates' pain and illnesses and that there was a "pattern" of inadequate medical treatment, these allegations lack supporting detail. (Compl. ¶¶ 46–47, 54, 56, 68, 70, Doc. No. 2.) The allegations merely restate the first element of a municipal liability claim under section 1983 in a conclusory fashion rather than offering any specific facts to support the allegations that an official policy, custom, or pattern existed. The Osterkamp Plaintiffs do not identify any "formal regulation or policy statement" related to the alleged inadequate medical treatment in this case. *Waller*, 932 F.3d at 1283. Nor do they allege "similar mistreatment of similarly situated individuals," as required to show the existence of an informal custom giving rise to municipal liability. *Hunt*, 372 F. Supp. 3d at 1289. And the Complaint contains no allegations or supporting facts regarding decisions of policymakers or

7

inadequate training or supervision.  Accordingly, the allegations in the Complaint are insufficient to show the existence of an official policy or custom as required to state a claim for municipal liability under section 1983.  *See id.* at 1289–90 (dismissing municipal liability claims where the complaints "merely state[ed] the elements of the cause of action and conclusorily claim[ed] that defendants engaged in this conduct").

The Osterkamp Plaintiffs argue a pattern of conduct is not required, relying on *Schneider v. City of Grand Junction Police Department* for the proposition that "deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action." 717 F.3d at 771 (internal quotation marks omitted); (*see also* Opp'n 8, Doc. No. 14).  However, the quoted passage addresses the third element of municipal liability—the requirement to demonstrate the municipality acted with "deliberate indifference."  *See Schneider*, 717 F.3d at 770–71.  This passage is inapplicable to determining whether the first element of municipal liability is met—the existence of an official policy or custom.

For the reasons set forth above, the Osterkamp Plaintiffs fail to allege sufficient facts to state a claim for municipal liability under section 1983.  At the hearing on the motion to dismiss, counsel for the Osterkamp Plaintiffs requested leave to amend the complaint if the allegations were determined to be insufficient, and the court finds it appropriate to allow the Osterkamp Plaintiffs an opportunity to amend the complaint as to these claims to correct the deficiencies described above.  *See* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend] when justice so requires").  Accordingly, the Osterkamp Plaintiffs' section 1983 claims (claims 1–3) are DISMISSED WITHOUT PREJUDICE.  The Osterkamp Plaintiffs

may file an amended complaint as to these claims within twenty-eight (28) days of the date of this order.

## II. STATE LAW CLAIMS (CLAIMS 4–6)

The County moves to dismiss the Osterkamp Plaintiffs' state law claims for wrongful death, gross negligence, and negligent infliction of emotional distress (claims 4–6) for lack of subject matter jurisdiction under Rule 12(b)(1). (Mot. 12–16, Doc. No. 9.) The County contends it is immune from such claims under the Governmental Immunity Act of Utah ("Immunity Act"), Utah Code Ann. § 63G-7-101, *et seq.*, for two reasons. First, the County argues the Immunity Act expressly preserves governmental immunity for negligence claims where the injury arises from infliction of mental anguish or from incarceration. (Mot. 12–13, Doc. No. 9.) Second, the County argues the Osterkamp Plaintiffs failed to provide sufficient notice of these claims before filing the action as required under the Immunity Act. (*Id.* at 14–16.) The County attaches as an exhibit Kristeen Osterkamp's notice of claim, which it contends was insufficient. (Ex. B to Mot., Notice of Claim, Doc. No. 9-2.)

In response, the Osterkamp Plaintiffs argue (1) governmental immunity does not apply because the County violated Mr. Osterkamp's constitutional rights, and (2) they strictly complied with the Immunity Act's notice of claim requirements.[2] (Opp'n 1–4, Doc. No. 14.)

Federal district courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts with

---

[2] At the hearing on the motion to dismiss, the Osterkamp Plaintiffs' counsel made a conclusory assertion that the Utah Governmental Immunity Act is unconstitutional. Because this argument was not raised in the briefing, the court does not consider it. *See Deseret Trust Co. v. Unique Inv. Corp.*, No. 2:17-cv-00569, 2018 U.S. Dist. LEXIS 239267, *9 (D. Utah July 3, 2018) (unpublished) ("[T]his court ordinarily does not consider arguments raised for the first time in a reply brief or at oral argument."). Moreover, the Osterkamp Plaintiffs' counsel did not provide any rationale or authority to support this argument. Therefore, the court declines to address it.

original jurisdiction in a case may also exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. However, supplemental jurisdiction "only grants a federal court subject matter jurisdiction over state law claims to the extent that the state court would have had subject matter jurisdiction to hear such claims." *Juarez v. State Dep't of Health—Family Dental Plan*, No. 2:05-cv-00053, 2005 U.S. Dist. LEXIS 57102, at *9 (D. Utah Apr. 7, 2005) (unpublished). Under Utah law, "[c]ompliance with the Immunity Act is a prerequisite to vesting a district court with subject matter jurisdiction over claims against governmental entities." *Wheeler v. McPherson*, 2002 UT 16, ¶ 9; *see also Wopsock v. Dalton*, No. 2:12-cv-00570, 2015 U.S. Dist. LEXIS 145085, at *3 (D. Utah Oct. 26, 2015) (finding that the plaintiff's failure to comply with the requirements of the Governmental Immunity Act of Utah deprived the court of subject matter jurisdiction over the plaintiff's claims); *Wallace v. Grey*, No. 2:08-cv-00311, 2009 U.S. Dist. LEXIS 7011, at *10 (D. Utah Feb. 2, 2009) (unpublished) (same).

The Immunity Act provides that "[a] governmental entity and an employee of a governmental entity retain immunity from suit unless that immunity has been expressly waived in this chapter." Utah Code Ann. § 63G-7-101(3). As relevant here, section 63G-7-301 of the Immunity Act waives governmental immunity "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment," but provides that this waiver is "subject to Subsections 63G-7-101(4) and 63G-7-201(4)." Utah Code Ann. § 63G-7-301(2)(i).

Subsection 63G-7-201(4) of the Immunity Act provides that governmental immunity is *not* waived:

10

>for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from:
>>. . .
>>(b) . . . infliction of mental anguish . . . [or]
>>. . .
>>(j) the incarceration of a person in a state prison, county or city jail, or
>other place of legal confinement[.]

Utah Code Ann. § 63G-7-201(4)(b), (j).  Subsection 63G-7-101(4) confirms that a governmental entity "retain[s] immunity from suit if an injury arises out of or in connection with, or results from, conduct or a condition described in Subsection 63G-7-201(3) or (4), even if immunity from suit for the injury is waived under Section 63G-7-301." Utah Code Ann. § 63G-7-101(4).

The court finds subsection 63G-7-201(4)(j) of the Immunity Act provides immunity for all of the Osterkamp Plaintiffs' state law claims because they are negligence-based claims arising out of Mr. Osterkamp's incarceration.  The claims for wrongful death, gross negligence, and negligent infliction of emotional distress are each based on allegations of negligent or grossly negligent[3] conduct by jail employees.  (Compl. ¶ 76 (wrongful death claim), ¶ 82–83 (gross negligence claim), ¶¶ 88–90 (negligent infliction of emotional distress claim), Doc. No. 2.)  And these claims all arose from Mr. Osterkamp's incarceration in the Salt Lake County Metro Jail.  Although Mr. Osterkamp died in the hospital, he remained legally confined and under the control of government officials.  *See Madsen v. State*, 583 P.2d 92, 93 (Utah 1978) (concluding the

---

[3] The Governmental Immunity Act of Utah does not specifically address "gross negligence," and it contains no express waiver of immunity for gross negligence.  To the extent "gross negligence" is not included within the Immunity Act's general waiver provision for "negligent" acts or omissions, Utah Code Ann. § 63G-7-301(2)(i), then governmental immunity for gross negligence would be preserved.  Utah Code Ann. § 63G-7-101(3) ("A governmental entity and an employee of a governmental entity retain immunity from suit unless that immunity has been expressly waived in this chapter.").  Conversely, to the extent the term "negligent" as used in the Immunity Act applies to gross negligence, immunity is preserved under the incarceration exception in subsection 63G-7-201(4)(j).

11

Immunity Act barred wrongful death claim arising out of prisoner's death during surgery at a prison hospital because he was "under the control of prison officials"); *Emery v. State*, 483 P.2d 1296, 1297 (Utah 1971) (interpreting the phrase "other place of legal confinement" in the Immunity Act to include "a hospital where one cannot be released without some kind of permission"). Thus, Utah Code section 63G-7-201(4)(j) applies to each of the Osterkamp Plaintiffs' state law claims and renders the County immune from suit for such claims.

The County is also immune from the Osterkamp Plaintiffs' claim of negligent infliction of emotional distress under the plain language of subsection 63G-7-201(4)(b). This provision expressly preserves immunity for any negligence-based claim arising out of "infliction of mental anguish," which plainly applies to the negligent infliction of emotional distress claim. Utah Code Ann. § 63G-7-201(4)(b).

The court rejects the Osterkamp Plaintiffs' argument that the Immunity Act's provisions do not apply because the County allegedly violated Mr. Osterkamp's constitutional rights. (Opp'n 4, Doc. No. 14.) In support of this argument, the Osterkamp Plaintiffs cite *Monell v. Department of Social Services*, a case in which the Supreme Court held that local governmental entities could be sued for constitutional violations under 42 U.S.C. § 1983. 436 U.S. 658, 690 (1978). However, the County only claims immunity from the Osterkamp Plaintiffs' state statutory and common law claims, not their federal constitutional claims under section 1983. *Monell* does not address governmental immunity in the state statutory or common law context. The other cases cited by the Osterkamp Plaintiffs are similarly inapplicable, as they are irrelevant to the issue of whether governmental immunity applies to the Osterkamp Plaintiffs' state law claims. *See, e.g.*, *Malley v. Briggs*, 475 U.S. 335, 343–34 (1986) (holding that an officer who applies for an arrest warrant is entitled to qualified immunity rather than absolute immunity for

section 1983 claims); *Brown v. Montoya*, 662 F.3d 1152, 1160–62 (10th Cir. 2011) (addressing government officials' qualified immunity defense to section 1983 claims).

For the reasons set forth above, the court finds the County has immunity under the Immunity Act as to each of the Osterkamp Plaintiffs' state law claims.[4] The court further concludes any amendment of these claims would be futile. Therefore, the Osterkamp Plaintiffs' state law claims (claims 4–6) are DISMISSED WITH PREJUDICE.

## **CONCLUSION**

The court GRANTS the County's Motion to Dismiss (Doc. No. 9). The Osterkamp Plaintiffs' section 1983 (claims 1–3) are DISMISSED WITHOUT PREJUDICE. The Osterkamp Plaintiffs' state law claims (claims 4–6) are DISMISSED WITH PREJUDICE. The Osterkamp Plaintiffs may file an amended complaint as to their section 1983 claims within twenty-eight (28) days of the date of this order.

DATED this 4th day of September, 2020.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[4] Because the court finds the County has immunity as to the state law claims, the court need not address the County's argument that the Osterkamp Plaintiffs failed to comply with the notice-of-claim requirements of the Immunity Act.